developed that it was not of the kind and character as specified in the contract, and that it was impossible to discover this from inspection before setting, was improperly stricken from the files.

3. SALES, § 310*—*what is condition precedent to right to recover purchase price of goods sold by description.* Where a contract is executory and the seller agrees to sell an article by a particular description, it is a condition to his right to recover the price that the thing which is delivered shall answer such description, and in a suit for the price brought by the seller, the defendant may give in evidence the diminution in value on account of the goods not answering the description, or, if they be in fact worthless, may defeat the action.

---

The People of the State of Illinois ex rel. City Council of the City of Chicago, Appellee, v. Board of Education of the City of Chicago, Appellant.

Gen. No. 23,104.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. KICK-HAM SCANLAN, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed July 9, 1917.

### Statement of the Case.

Petition for mandamus by the People of the State of Illinois, on relation of the City Council of the City of Chicago, petitioner, against the Board of Education of the City of Chicago, respondent, praying that said board be commanded to give to the city council full and complete access to all books, records, documents and information concerning the receipt and expenditure of moneys in possession of the board. An appeal was taken to the Appellate Court and as decided in the Supreme Court improvidently sent to the Supreme Court by a certificate of importance and the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appeal dismissed. See 198 Ill. App. 195 and 275 Ill. 195. Under the Appellate Court's mandate the case was redocketed in the trial court. From a judgment sustaining demurrers to the answer, respondent appeals.

ANGUS ROY SHANNON, for appellant; CHAUNCEY M. MILLAR and JOHN E. FOSTER, of counsel.

DONALD R. RICHBERG, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1094*—*when reply brief is defective.* It is the duty of the Appellate Court to review the record as made in the trial court, and a reply brief is defective where it injects new matter into the case.

---

## Charles Bruhl for use of Martin D. Jones, Defendant in Error, v. W. J. Anderson. Intervening Petition of Earl Burton, Plaintiff in Error.

### Gen. No. 22,091.

1. EXECUTION, § 256*—*when evidence is insufficient to impeach sheriff's return of nulla bona in county.* Evidence, including an answer of a garnishee that the creditor's attorney filed a memorandum that he was advised that the debtor had no property in the county subject to execution; that a demand would be unavailing; that if the sheriff, in the exercise of his discretion, should conclude to return the execution *nulla bona* the creditor would waive any damages that might result therefrom, and that a return no property found was made, *held* insufficient to overcome the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.